UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RASHAUN DEVELL WILCOX,

        Petitioner,             Case No. 1:21-cv-1078

v.                              Honorable Hala Y. Jarbou

MATT MACAULEY,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner, Petitioner Rashaun Devell Wilcox. Petitioner filed his petition on a court-approved form for habeas corpus petitions under 28 U.S.C. § 2241, contending the Respondent continues to hold Petitioner in custody under the judgment of sentence in Wayne County Circuit Court Case Number 18-009035-01-FC (herein "9035-FC)[1] even though the trial court has vacated Petitioner's convictions and ordered a new trial. By filing under § 2241, Petitioner suggests that his petition attacks the execution of his sentence rather than the validity of his conviction or sentence. That distinction is of some

---

[1] Petitioner references this case number as well as Michigan Court of Appeals Case Number 354975 in the petition. (Pet., ECF No. 1, PageID.1–2.) Under the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases, a federal court conducting initial review of a habeas petition may consider "any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition." Rule 4 Advisory Committee Notes. Moreover, a court is permitted to "take judicial notice of facts contained in state court documents pertaining to [a petitioner]'s prior conviction so long as those facts can be accurately and readily determined." *United States v. Davy*, 713 F. App'x 439, 444 (6th Cir. 2017) (citing *United States v. Ferguson*, 681 F.3d 826, 834–35 (6th Cir. 2012)). For both reasons, the Court relies on the public records of the trial court and the court of appeals in conducting its review under Rule 4. Specifically, the Court has reviewed the Wayne County Circuit Court docket, *see* https://cmspublic.3rdcc.org/default.aspx (select "Criminal Case Records," input "Last Name" Wilcox and "First Name" Rashaun, select "Case Number" 18-009035-01-FC, visited December 28, 2021), and the Michigan Court of Appeals docket, *see* https://www.courts.michigan.gov/case-search/?r=1 (input "Rashaun Wilcox," select "COA #354975," visited December 28, 2021).

relevance for federal prisoners, but, for state prisoners in custody under the judgment of a state court, petitions for habeas corpus are properly brought under and governed by 28 U.S.C. § 2254. As explained below, even if Petitioner's judgment in 9035-FC were vacated, Petitioner remains in custody pursuant to a concurrent sentence of 3 to 5 years imposed in Wayne County Circuit Court Case No. 18-009529-FH (herein "9529-FH").[2]

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

---

[2] As permitted by the Rule 4 Advisory Committee Notes, the Court has also reviewed the Michigan Department of Corrections Offender Tracking Information System (OTIS) information pertaining to Petitioner. See https://mdocweb.state.mi.us/otis2/otis2.aspx (search "Last Name" Wilcox, "First Name" Rashaun, select "Offender Number" 651417, visited December 28, 2021). This Court takes judicial notice of the information provided by a search of the OTIS website with regard to Petitioner. *See, e.g., Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004). The Court has also reviewed the Wayne County Circuit Court docket sheet for that criminal proceeding. *See* https://cmspublic.3rdcc.org/default.aspx (select "Criminal Case Records," input "Last Name" Wilcox and "First Name" Rashaun, select "Case Number" 18-009529-01-FH, visited December 28, 2021). The docket sheet reveals that Petitioner was sentenced effective June 3, 2019, to a 3 to 5-year term of imprisonment with credit for 175 days served. *Id*. Although Petitioner might be eligible for parole on that sentence, he would not reach his maximum release date for approximately 2 years.

**Discussion**

**I.      Factual allegations**

Petitioner is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. He is incarcerated for a term of 3 to 5 years following his plea of guilty in 9529-FH. At least until July 30, 2021, he was also concurrently incarcerated on a consecutive string of sentences imposed by the Wayne County Circuit Court following Petitioner's jury trial in 9035-FC. Those sentences included a term of 7 to 20 years for carrying a concealed weapon and a term of 15 to 25 years for being a felon in possession of a firearm. The 15- to 25-year sentence was to be served consecutively to a sentence of 5 years for felony-firearm, second offense.

On July 30, 2021, the trial court vacated Petitioner's conviction and sentence in 9035-FC and ordered a new trial. Petitioner contends that the trial court's order requires that he be released immediately. The relevant court dockets suggest otherwise. The court of appeals docket describes the July 30, 2021, order as granting "Motions for New Trial, Resentencing and *Stay*." *See* https://www.courts.michigan.gov/case-search/?r=1 (input "Rashaun Wilcox," select "COA #354975," expand docket entry for Aug. 18, 2021, visited December 28, 2021) (emphasis added). The prosecutor has filed a cross-appeal. *Id*., first docket entry for Aug. 16, 2021. And Petitioner has sought and received an order of remand so that he can pursue an amendment of the order granting new trial, presumably to eliminate the stay. *Id*., docket entries for Nov. 16, 2021, and Nov. 29, 2021. The Wayne County Circuit Court docket for 9035-FC includes a December 10, 2021 entry for an unidentified motion, presumably Petitioner's motion to amend the order granting a new trial to remove the stay. S*ee* https://cmspublic.3rdcc.org/default.aspx (select

3

"Criminal Case Records," input "Last Name" Wilcox and "First Name" Rashaun, select "Case Number" 18-009035-01-FC, visited December 28, 2021). That motion, Petitioner's appeal, and the prosecutor's cross-appeal remain unresolved. Nonetheless, Petitioner now seeks relief from this Court.

The petition raises one grounds for relief, as follows:

I. Petitioner['s] criminal case was vacated and [Petitioner was] granted a new trial and [the prosecutor] sought appeal . . . seeking reversal of [the] judge['s] decision and reinstate[ment] of [Petitioner's] conviction. Prosecution did not seek [an order for Petitioner] to stay in custody while taking an appeal of the judge's decision to vacate/dismiss and [for] a new trial.

(Pet., ECF No.1, PageID.6–7.) Petitioner asks the Court to order his immediate release.

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

4

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he has not raised his sole habeas claim in the appeal that is ongoing. (Pet., ECF No. 1, PageID.7.)

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may raise it in the motion currently pending in the Wayne County Circuit Court. If the circuit court were to deny relief, Petitioner would be required to raise the issue in the Michigan Court of Appeals and, if the court of appeals were to deny relief Petitioner would be required to appeal that decision to the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Dismissal of this petition for lack of exhaustion would not jeopardize the timeliness of any subsequent petition. Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment is not final yet; his limitations period has not started to run. Thus, there is no reason to stay these proceedings and hold them in abeyance as provided in *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). *See also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance

procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). Therefore, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

### III.   Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.

Date:   December 29, 2021                              /s/ Hala Y. Jarbou
                                                       HALA Y. JARBOU
                                                       UNITED STATES DISTRICT JUDGE